# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

LIBERTY INSURANCE CORPORATION
AS SUBROGEE OF TIMOTHY ADLER,

    Plaintiff,

v.

GREPOW, INC. and
HORIZON HOBBY, LLC

    Defendants.

Civil Action No.: 3:21-cv-196
Judge: Thomas A. Varlan
Magistrate Judge: Debra C. Poplin

JURY TRIAL DEMANDED

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** the above-named Defendant, Grepow, Inc., ("Grepow") by and through counsel, and as and for its Answer and Affirmative Defenses to the Plaintiff's Complaint, alleges and shows to the Court as follows:

## PARTIES

1. Answering paragraph 1, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof.

2. Answering paragraph 2, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof.

3. Answering paragraph 3, Grepow affirmatively alleges that it is a Corporation with its United States headquarters located at 290 Linbergh Avenue, Livermore, California 94551. Answering further, Grepow, Inc. admits that its registered agent is Xia Hong at the same address. As to any remaining allegations contained in paragraph 3, Grepow lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

4. Answering paragraph 4, upon information and belief, Grepow admits same.

**JURISDICTION AND VENUE**

5. Answering paragraph 5, Grepow generally admits that Plaintiff's action arises out of a fire that occurred on October 3, 2018 at a residence in Oak Ridge, Tennessee. Answering further, Grepow states that it has removed this action to the United States District Court for the Eastern District of Tennessee, where jurisdiction and venue are proper. The remaining allegations contained in paragraph 5 assert legal conclusions to which no response is necessary. Should an answer be required, Grepow affirmatively alleges that lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**FACTS**

6. Answering paragraph 6, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof.

7. Answering paragraph 7, Grepow admits only that it distributes and sells Tattu brand lithium-ion polymer batteries. Grepow denies that it ever designed, manufactured, or assembled Tattu brand lithium polymer batteries at any time. Answering further, Grepow denies that it ever designed, manufactured, assembled, distributed or sold Dynamite Prophet Sport Quad chargers at any time. As to the remaining allegations contained in paragraph 7, including that Grepow marked, distributed, or sold either of the subject Products and that the subject Products were in the same or substantially same condition as when originally sold, Grepow lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same and puts the Plaintiffs to their strict proof.

8. Answering paragraph 8, Grepow denies that any product it distributed or sold malfunctioned or caused damage to the subject property. As to the remaining allegations contained in paragraph 8, Grepow lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

9. Answering paragraph 9, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof.

## **COUNT I – NEGLIGENCE**

10. Answering paragraph 10, Grepow realleges and incorporates by reference herein its answers to paragraphs 1 through 9 of the Complaint, as though fully set forth herein at length.

11. Paragraph 11 asserts a legal conclusion to which no response is necessary. Should an answer be required, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof. Answering further, Grepow denies that it breached any duty in any manner or respect whatsoever and denies that any product it distributed or sold was defective, malfunctioned, or caused damage to the subject property.

12. Answering paragraph 12, including subparts (a) - (e), Grepow denies each and every allegation contained therein.

13. Answering paragraph 13, Grepow denies the allegations contained therein as to it.

14. Answering paragraph 14, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof. Answering further, Grepow denies that Plaintiff is entitled to judgment against it in the manner alleged, or in any other manner or respect whatsoever.

## COUNT II – STRICT PRODUCT LIABILITY

15. Answering paragraph 15, Grepow realleges and incorporates by reference herein its answers to paragraphs 1 through 14 of the Complaint, as though fully set forth herein at length.

16. Answering paragraph 16, Grepow denies that it designed or manufactured either of the subject Products. Grepow further denies that it distributed the subject charger. Answering further, Grepow lacks knowledge or information sufficient to form a belief as to whether it distributed the subject battery or whether either of the subject Products were in use at Timothy Adler's property on October 3, 2018 and, therefore, denies the same and puts the Plaintiff to its strict proof.

17. Answering paragraph 17, Grepow denies each and every allegation contained therein as to it.

18. Answering paragraph 18, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof.

19. Answering paragraph 19, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof.

20. Answering paragraph 20, Grepow denies the allegations contained therein as to it.

21. Answering paragraph 21, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to its strict proof. Answering further, Grepow denies that Plaintiff or any other party is entitled to judgment against it in the manner alleged, or in any other manner or respect whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses, Defendant, Grepow, Inc. further alleges and shows to the Court as follows:

1. Grepow alleges that the subject fire and alleged damages to Plaintiff's insured were proximately caused by the fault, tortuous acts or wrongdoings of other persons for whom this Defendant is neither liable nor responsible.

2. Grepow alleges that the Plaintiff may have failed to state a claim upon which relief can be granted.

3. Grepow alleges that any damages sustained by the Plaintiff may have been caused by and/or due to an intervening and/or superseding cause.

4. Grepow alleges that the Plaintiff's claims, in whole and/or in part, may be barred on grounds of public policy.

5. Grepow alleges that the Plaintiff may have failed to mitigate its damages.

6. Grepow alleges that the Plaintiff may have failed to join necessary and/or indispensable parties.

7. Grepow alleges that the Plaintiff's claims are barred due to the doctrine of assumption of the risk.

8. Grepow alleges that the Plaintiff's claims are barred due to the sophisticated user doctrine.

9. Grepow alleges that the Plaintiff's insured may have been at fault and engaged in culpable conduct, which fault constitutes a partial or complete bar to all of the Plaintiff's claims.

10. Grepow alleges that Plaintiff's claims should be barred on the grounds of spoliation of evidence and/or the fact that certain evidence may have been tampered with, destroyed, lost and/or undergone destructive testing to the prejudice of this answering Defendants.

11. Grepow alleges that the Plaintiff's insured may have misused, altered, changed, improperly maintained, or abnormally used the product at issue in this litigation and, therefore, Plaintiff is barred from asserting any claim for damages arising from such misuse, alteration, change, improper maintenance, or abnormal use, including pursuant to Tenn. Code Ann. § 29-28-108.

12. Grepow herein incorporates by reference any and all affirmative defenses raised by any other Defendants who are or may later become parties to this action.

13. Grepow alleges on information and belief that the Plaintiffs' damages were caused in whole or in part through the fault of individuals or entities not parties to this action.

14. Grepow alleges on information and belief that the Plaintiffs' alleged injuries or damages may have been caused by the negligence of others over whom Grepow has no control.

15. Grepow alleges that the Plaintiffs' claims may be barred by the applicable statute of limitations.

16. Grepow alleges that it specifically denies that any of its alleged acts and/or omissions caused or contributed to Plaintiffs' alleged injuries or damages.

17. For further answer and affirmative defense, Grepow states that in the event that Grepow (or any later added defendants) are found liable to Plaintiffs, which Grepow denies, then Plaintiffs' damages should be reduced in proportion to the comparative fault of the Plaintiffs, other defendants or other third parties liable for the accident.

18. Grepow alleges that it complied with all applicable federal or state statutes or regulations existing at the time the subject product was manufactured concerning standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of the product, and thus the subject product was not unreasonably dangerous pursuant to Tenn. Code Ann. § 29-28-104(a).

19. Grepow alleges that the subject product liability action shall not be maintained against it, as a seller, pursuant to Tenn. Code Ann. § 29-28-106.

20. Grepow alleges all other applicable affirmative defenses available under the Tennessee Products Liability Act at Tenn. Code Ann. §§ 29-28-101, *et seq.*

21. Grepow reserves the right to raise any additional affirmative defenses which become known or of which Grepow becomes aware of during the course of discovery and/or Defendant's investigation.

**WHEREFORE**, Defendant Grepow, Inc. demands judgment as follows:

a. Dismissing the Plaintiff's Complaint on the merits and with prejudice;

b. Awarding statutory costs, attorney's fees and reimbursements for this Defendant's disbursements; and

c. Granting such further relief as the Court may deem just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted,

**MARTIN TATE MORROW & MARSTON P.C.**
Attorneys for Defendant, Grepow, Inc.

Dated: June 3, 2021					By: /s/ Christopher Myatt
						Christopher Myatt  TN SBN 024629
						International Place, Tower II
						6410 Poplar Avenue, Suite 1000
						Memphis, Tennessee 38119-4839
						Telephone (901) 522-9000
						Fax (901) 527-3746
						cmyatt@martintate.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's ECF system this the 3rd day of June, 2021.

					/s/ Christopher M. Myatt
					Christopher M. Myatt