# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, As subrogee of TIMOTHY ADLER, | * * * |
| Plaintiff, | * * |
| v. | * No. 3:21-cv-196 |
| | * |
| SHENZHEN GREPOW BATTERY CO., LTD d/b/a GENS ACE, and SHENZHEN GREPOW BATTERY CO. LTD d/b/a TATTU | * * * * |
| Defendants. | * |

### DECLARATION IN SUPPORT OF
### SHENZHEN GREPOW BATTERY CO., LTD.'S MOTION TO DISMISS

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. My name is Zhongqiang Xia. I am over 18 years of age, and I am fully competent and duly authorized to make this Declaration.

2. I am currently a Business Manager at Shenzhen Grepow Battery Co., Ltd. ("Shenzhen Grepow"). I have held this position since July 2016. Through my position and duties with Shenzhen Grepow, I have personal knowledge of the contents of this Declaration. I have personal knowledge of the business and sales operations of Shenzhen Grepow, as well as the products that it designs and manufactures. I have personal knowledge regarding where and to whom Shenzhen Grepow sells and markets goods. The facts set forth herein are true and correct to the best of my personal knowledge.

3. This is an approximately $253,000 property damage subrogation suit. According to the Complaint, the case involves a fire that took place at the homeowner insured's residence, 515 Delaware Avenue, Oak Ridge, Tennessee on October 3, 2018. Plaintiff, Liberty Insurance

Corporation, as subrogee of the homeowner insured, alleges that the homeowner was charging a Tattu 1300mAh 45C 3S 11.1V LiPo battery pack using a Dynamite Prophet Sport Quad Charger model DYNC2040 charger in his garage. Plaintiff alleges that the battery pack and the charger malfunctioned, resulting in a fire that caused approximately $253,000 in property damage. Plaintiff asserts the following causes of action: (1) negligence and (2) strict products liability against Shenzhen Grepow.

**Corporate Background**

4. Shenzhen Grepow is a foreign, non-U.S. company existing and duly organized under the laws of the People's Republic of China. Shenzhen Grepow is located at No. 123, Huarong Road, Dalang Street, Longhua District, Shenzhen, People's Republic of China.

5. Shenzhen Grepow designs and manufactures various products in China, including lithium batteries.

6. "Tattu" is a brand name of certain Shenzhen Grepow batteries.

7. "Gens Ace" is a brand name of certain Shenzhen Grepow batteries.

8. Shenzhen Grepow does not own and operate the Facebook account GensAceGlobal.

9. Shenzhen Grepow does not own and operate the Amazon account GensAce&Tattu.

10. Shenzhen Grepow is a legally separate and distinct coiporate entity from a company called Grepow, Inc., which is a California company located in California, U.S.A.

11. Grepow, Inc. is a wholly owned subsidiary of Shenzhen Grepow.

12. Shenzhen Grepow and Grepow, Inc. each have their own respective articles of incorporation, which are separate and apart from those of the other.

13. Shenzhen Grepow and Grepow, Inc. each have their own respective bank accounts in which funds are kept separate and apart from those of the other.

14. Shenzhen Grepow's assets and Grepow, Inc.'s assets are not commingled with those of the other.

15. Shenzhen Grepow and Grepow, Inc. each maintain distinct office addresses and telephone numbers that are separate and apart from those of the other.

16. Shenzhen Grepow and Grepow, Inc. each operate on a day-to-day level without hands-on control from the other.

<u>**Specific Personal Jurisdiction:**</u>
<u>**Product Identification and Shipping Path of Subject Battery**</u>

17. With regard to the products at issue in this lawsuit, Shenzhen Grepow had no role or involvement in the design, manufacture, sale, or distribution of the Dynamite Prophet Sport Quad Charger model DYNC2040 (the "subject charger").

18. To date, Shenzhen Grepow has not been provided with the serial number or any other identifying markers on the Tattu 1300mAh 45C 3S 11.1V LiPo battery pack (the "subject battery"). Rather, Shenzhen Grepow has been provided with photographs of the subject battery that were taken by Plaintiffs experts in a **separate lawsuit** that Plaintiffs counsel filed against different defendants, but arising out of the same occurrence. The companion case is *Liberty Insurance Corporation, as subrogee of Timothy Adler* v. *Grepow, Inc. and Horizon Hobby, LLC,* Case No. 3:21-cv-00196-TAV-DCP, U.S. District Court for the Eastern District of Tennessee. Based on the photographs of the subject battery from the companion case, no serial number or any other identifying markers can be visually discerned therefrom. As such, and despite a diligent search of its records, Shenzhen Grepow cannot at this time trace or otherwise locate the subject production or shipping documents that would have been associated with the subject

battery. Accordingly, at this time, Shenzhen Grepow cannot confirm product identification of the subject battery.

19. That said, to the extent that the battery at issue is a Tattu 1300mAh 45C 3S 11.1V LiPo battery pack, then Shenzhen Grepow would have designed and manufactured this make and model of battery in its entirety in China.

20. Shenzhen Grepow did not design this make and model of battery specifically for the Tennessee market.

21. Shenzhen Grepow would have then sold and shipped the battery to a legally separate and distinct entity called Grepow, Inc. in California. Shenzhen Grepow would have had no more involvement with the batteries after this point. Shenzhen Grepow is aware that Grepow, Inc. in California would subsequently distribute and sell batteries throughout the U.S. as a whole. That said, Shenzhen Grepow would have had no specific knowledge and/or control of where the batteries would be sent or sold.

22. Shenzhen Grepow has no personal or specific knowledge of how the subject battery got to Amazon.com or how it got into Tennessee where the Plaintiffs homeowner insured's alleged property damage in the instant lawsuit occurred.

## General Personal Jurisdiction

23. During the period of October 2, 2016 - October 2, 2021, the following statements are true and correct to the best of my personal knowledge:

24. Shenzhen Grepow did not have an interest in, own, use, or possess any real or personal property or assets in Tennessee (including no offices, plants, facilities, inventory of goods, employees, or bank accounts).

- 4 -

Case 3:21-cv-00196-TAV-DCP   Document 36-1   Filed 02/23/23   Page 5 of 7   PageID #: 139

25. Shenzhen Grepow was not registered or licensed to do business in Tennessee and did not otherwise transact any business in Tennessee.

26. Shenzhen Grepow did not have a registered agent for service of process in Tennessee.

27. Shenzhen Grepow did not have a business listing or a telephone number in Tennessee.

28. Shenzhen Grepow did not pay any taxes in Tennessee.

29. Shenzhen Grepow did not design or manufacture any products in Tennessee, nor did it perform any work or services in Tennessee.

30. To the best of Shenzhen Grepow's knowledge, the products Shenzhen Grepow designed and manufactured were not made to comply with any Tennessee-specific regulations.

31. Shenzhen Grepow did not have any control or specific knowledge of its products being shipped or sold into Tennessee by any customers and/or any other third parties.

32. Shenzhen Grepow did not have any designated distributors located in Tennessee. Shenzhen Grepow did not have a distributor or sales agent located in Tennessee to market any products.

33. Shenzhen Grepow did not have any distributors located outside of Tennessee who it knew were purposefully directing products and selling products to customers located in Tennessee.

34. Shenzhen Grepow did not advertise or market its products in publications purposefully directed at Tennessee residents.

35. No employees of Shenzhen Grepow traveled to Tennessee for the purpose of attending tradeshows, meetings, or otherwise transacting business.

36. Shenzhen Grepow owned and operated a website (available at https://www.jjrepow.com). This website was equally available and accessible to people located anywhere in the world with Internet access.

37. Shenzhen Grepow owned and operated a website (available at https://www.uenstattu.com). This website was equally available and accessible to people located anywhere in the world with Internet access.

38. Shenzhen Grepow Battery Co., Ltd. was not a party to any other lawsuits in Tennessee other than the instant case.

39. Shenzhen Grepow did not transact any business in Tennessee.

40. Shenzhen Grepow did not commit any tortious act or omission in Tennessee.

41. Shenzhen Grepow did not enter into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within Tennessee at the time of contracting.

42. Shenzhen Grepow did not enter into any contract for services to be rendered or for materials to be furnished in Tennessee.

43. I declare under penalty of perjury that the foregoing is true and correct.

November 18, 2022
Date

Zhongqiang Xia
Shenzhen Grepow Battery Co., Ltd.

4873-0177-9006, v. 1